# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-09-343-FHS-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Larry Brown requests review of the Commissioner of the Social Security Administration's denial of benefits pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his

-1-

age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799,

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on April 30, 1956, and was fifty-two years old at the time of the administrative hearing (Tr. 30). He has an eleventh grade education and has worked as a self-employed tractor and farm equipment mechanic (Tr. 147). The claimant alleges inability to work since July 15, 2006 because of arthritis in his feet, hands and arms, dizziness, fatigue, memory loss, and prostate problems (Tr. 140).

## Procedural History

On October 24, 2007, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Glenn A. Neel conducted the administrative hearing and found that the claimant was not disabled in a written opinion dated May 14, 2009. The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation, finding that the claimant had the residual functional capacity ("RFC") to perform light work as

defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), with the additional limitations that he could only occasionally climb, balance, stoop, kneel, crouch, and crawl, and handle and finger bilaterally, and never operate foot controls bilaterally (Tr. 14-15). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there were other jobs he could perform in the national economy, *i. e.*, conveyor line bakery worker and furniture rental clerk (Tr. 18-19).

**Review**

The claimant contends that the ALJ erred by improperly evaluating the medical evidence. Specifically, claimant argues that the ALJ improperly evaluated the opinion of examining physician Dr. S. A. Chaudry, M.D. The undersigned Magistrate Judge finds that the ALJ failed to properly analyze findings expressed by Dr. Chaudry on the medical source statement for the reasons set forth below.

Dr. Chaudry examined the claimant on January 26, 2009 (Tr. 319-29). He noted that the claimant reported generalized aches and pains, including pain in the left shoulder, left wrist, both hands and knuckles, knees, feet, lower back, and left hip (Tr. 330). The claimant indicated the pain had worsened, and was aggravated by movement and "only partially relieved by rest" (Tr. 330). The claimant had no regular doctor and took over-the-counter medication to relieve his aches and pains (Tr. 330). Dr. Chaudry himself noted diminished range of motion in both of the claimant's wrists and left shoulder, and a "painful range of motion" in his feet (Tr. 332). Dr. Chaudry found limited and painful range of motion in the claimant's lumbar spine (Tr. 332), degenerative arthritis in his

hands, and osteoarthritis in his left foot (Tr. 333). In assessing claimant's RFC, Dr. Chaudry opined that the claimant would be able to lift up to 50 pounds occasionally, carry up to 20 pounds occasionally, and sit for 5 hours, stand for 4 hours and walk for 2 hours, all in an 8 hour workday (Tr. 323-24). Dr. Chaudry also opined that claimant could occasionally operate foot controls, but that he should never stoop, kneel, crouch, or crawl (Tr. 325-26). Finally, Dr. Chaudry opined that the claimant would have a limited ability to effectively grasp tools due to pain and stiffness in his hands (Tr. 321).

The ALJ discussed findings from Dr. Chaudry's examination of the claimant in his written decision (Tr. 20-21), but he failed to mention the medical source statement from Dr. Chaudry or any of the opinions expressed therein about the claimant's functional limitations. Some of Dr. Chaudry's findings were clearly consistent with the limitations included by the ALJ in the claimant's RFC, *e. g.*, that the claimant could carry up to 20 pounds, but most of the limitations discussed by Dr. Chaudry in the claimant's medical source statement, *e. g.*, that the claimant could only stand for four hours in an eight-hour workday and walk for two hours in an eight-hour workday, must periodically alternate sitting and standing to relieve pain or discomfort, and that claimant could never balance, stoop, kneel, crouch, or crawl, were not included in the RFC or discussed by the ALJ. The ALJ thus should have discussed why he found Dr. Chaudry's opinions in this regard unconvincing. *See Clifton v. Chater,* 79 F.3d 1007, 1009-10 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative

evidence he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). *See also Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003) (remanding "for the ALJ to articulate specific findings and his reasons for ignoring . . . evidence."). While the ALJ is not bound by Dr. Chaudry's opinions, he must consider them and may not simply ignore them. *See Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate *every* medical opinion in the record, *see* 20 C.F.R. § [416.927(d)], although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional . . . An ALJ must also consider a series of specific factors in determining what weight to give *any* medical opinion."), *citing Goatcher v. Dep't of Health & Human Servs.,* 52 F.3d 288, 290 (10th Cir. 1995) [emphasis added]. Nor may the ALJ pick and choose portions of Dr. Chaudry's opinion evidence that support his conclusion while ignoring the portions that do not. *See, e. g., Hardman v. Barnhart,* 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler,* 742 F.2d 382, 385-86 (7th Cir. 1984) ("[The] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.").

Because the ALJ failed to discuss Dr. Chaudry's findings on the medical source statement, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis. If such analysis results in modifications to the claimant's

RFC, the ALJ should then re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

## Conclusion

As set forth above, the undersigned Magistrate Judge **PROPOSES** a finding that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. The undersigned Magistrate Judge accordingly hereby **RECOMMENDS** that the Commissioner's decision be **REVERSED** and the case **REMANDED** for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b)(2).

**DATED** this 15th day of September, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**